STATE v. ATTERBERRY

(133 S. E., 101)

1. JUDGES—TRIAL JUDGE, CONCURRING IN VERDICT OF JURY WITHOUT EXPRESSION OF OPINION OF DEFENDANT'S GUILT, IS NOT DISQUALIFIED TO PRESIDE AT SECOND TRIAL, BUT, HAVING EXPRESSED OPINION IN PASSING SENTENCE, SHOULD NOT PRESIDE AT SECOND TRIAL OVER OBJECTION.—Where trial Judge concurs in verdict of jury without any expression of opinion of defendant's guilt, he is not disqualified to preside at second trial, but, having expressed decided opinion of guilt of defendant in passing sentence, should not preside at second trial over objection.

2. JUDGES—TRIAL JUDGE, AFTER CONVICTION AND PASSING SENTENCE, HAVING EXPRESSED OPINION OF DEFENDANT'S GUILT, HELD DISQUALIFIED TO PRESIDE AT SECOND TRIAL OF DEFENDANT.—Where Circuit Judge, after defendant was convicted and in passing sentence, expressed decided opinion of defendant's guilt, *held,* that he should not have presided at second trial after reversal, since he had disqualified himself by expressing opinion.

Before RICE, J., Aiken, May, 1925. New trial granted.

David G. Atterberry was convicted of having contraband liquor in his possession and he appeals.

*Mr. John E. Stansfield,* for appellant, cites: *Speedy and public trial by impartial jury guaranteed:* Const. of 1895, Art. I, Sec. 18. *Court must be disinterested:* Const. 1895, Art. V, Sec. 6. *Magistrate to grant change of venue for prejudice:* 54 S. C., 371. *Equal protection guaranteed:* Const. 1895, Art. I, Sec. 5. *Circuit Judges to interchange circuits:* Const. 1895, Art. V, Sec. 14. *Grand jurors not to sit on petit jury:* 126 S. E., 520; 54 S. C., 149. *Juror not to sit on same case twice:* 74 S. C., 460; 55 S. C., 95.

*Guilty and innocent entitled to legal trial:* 116 S. E., 809; 120 S. C., 215; 117 S. C., 83.

*Mr. B. D. Carter, Solicitor,* for respondent.

May 12, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The appellant, David G. Atterberry, was indicted by the grand jury of Aiken County, at the January Term, 1923, Court of General Sessions; the indictment containing two counts, charging the defendant with having in his possession and transporting certain alcoholic liquors on or about the 16th day of December, 1922. The said cause came on for trial on the 13th day of July, 1923, at a special term of Court of General Sessions before his Honor, Hayne F. Rice, presiding Judge, and a jury, and terminated in a verdict of guilty of having contraband liquor in his possession; whereupon the defendant was sentenced by his Honor to be confined at hard labor upon the public works of Aiken County, for a period of five months. From the aforesaid judgment an appeal was taken to this Court, and on the 22d day of October, 1924, the judgment of the Circuit Court was reversed and the case remanded for a new trial. For the former appeal, see *State v. Atterberry,* 129 S. C., 464; 124 S. E., 648. At the May, 1925, Term of the Court of General Sessions for Aiken County, presided over by his Honor, Judge H. F. Rice, the aforesaid cause was assigned for trial.

"On the first day of the said May Term, 1925, the defendant, by his counsel, moved his Honor for a continuance, beyond the term, on the ground, as contended by defendant's counsel, that the said presiding Judge in passing sentence upon defendant, on his trial and conviction, stated: 'I will have to put this man on the gang. I believe he has been handling liquor, because I have investigated him. There isn't any doubt in my mind but that he is guilty. I will give

him five months on the gang.' The matter was passed temporarily, without any ruling from the bench.

"On the 14th day of May, 1925, second week of the term, with his Honor, H. F. Rice, presiding, the solicitor called and announced ready for trial the case of *State v. D. G. Atterberry*. Upon the call of the case the defendant, by his counsel, renewed his motion for a continuance, the said motion being based on the following affidavits of the defendant and of J. E. Stansfield, attorney for defendant at the former trial:

" 'Personally appeared before me D. G. Atterberry, who, being duly sworn, deposes and says: That he is the defendant herein; that when deponent was arraigned before his Honor, Hayne F. Rice, at the special term of Court in July, 1923, his Honor, in passing sentence upon deponent, lectured deponent and concluded by saying: "I will have to put this man on the gang. I believe he has been handling liquor, because I have investigated him. There isn't any doubt in my mind but that he is guilty. I will give him five months on the gang." That, his Honor having expressed belief and faith in the guilt of deponent, this deponent most respectfully and humbly submits that he does not believe he can receive a fair trial before Hon. H. F. Rice, and therefore most earnestly and sincerely implores your Honor to continue the instant cause to the next term of Court.'

" 'Personally appeared before me, John Edwin Stansfield, who, being first duly sworn, deposes and says: That he is a member of the Aiken bar, engaged in the practice of his profession in the city of Aiken; and deponent and Senator John F. Williams appeared as counsel for the defendant in the matter of *State v. David G. Atterberry* and represented the said defendant upon his trial, which was had at a special term of the Court of General Sessions for Aiken County, holden during the month of July, 1923, presided over by Hon. H. F. Rice, Judge of the Second Judicial Circuit; that on the said trial the defendant was tried upon an indictment

charging the defendant with transporting and having liquor
in his possession; that the jury charged with the said trial
rendered a verdict of acquittal as to the count charging
transporting and acquittal (conviction?) as to the count for
possession; that deponent, in his representative capacity,
was present when sentence was imposed by his Honor, Judge
Hayne F. Rice, upon defendant. That deponent avers his
Honor, after hearing remarks by counsel as to the extent of
punishment, proceeded to pronounce sentence, the said pro-
nouncement being prefaced with a lecture addressed by his
Honor to the defendant; that the presiding Judge stated to
the defendant: "I will have to put this man on the gang.
I believe he has been handling liquor, because I have investi-
gated him. There isn't any doubt in my mind but that he
is guilty. I will give him five months on the gang." '

"The above affidavits were presented to the presiding
Judge, and, after being read, without comment his Honor
overruled the motion for continuance; whereupon the case
proceeded to trial before his Honor, Judge H. F. Rice,
May 14, 1925, and resulted in a verdict of guilty, and the
defendant was then sentenced by his Honor to be confined
at hard labor·upon the public works of Aiken County for a
period of five months."

In his report the Circuit Judge says: "The presiding
Judge has no recollection of having used the word 'investi-
gated' at the time of sentencing defendant at the former
trial. If he did so, it was inadvertent; as a matter of fact
he had not made any 'investigation' of the matter. Most of
his information of the matter before the trial had come
from friends of the defendant. It has never been the prac-
tice of the presiding Judge to sentence any man for a crimi-
nal offense unless he approved of the verdict of the jury.
At the trial any statements made in the presence of the jury
as to what was stated by the presiding Judge at the former
trial of his belief in the guilt of the accused were made by
counsel of the defendant and not by the presiding Judge, and

no request was made to exclude the jury or to make any provision that they should not hear what was said by counsel in his motion for a continuance. The sentence in the second trial was exactly the same as in the first."

The first exception is: "(1) It is respectfully submitted the Court erred in refusing to grant the defendant's motion for a continuance; the error being: (a) The presiding Judge, having expressed an opinion as to the guilt of the defendant, had thereby disqualified himself from sitting in judgment on the rights of the defendant. (b) That the presiding Judge was so influenced by bias and prejudice against the defendant, the said defendant could not procure that fair and impartial trial guaranteed to him by the Constitution of South Carolina. (c) That the fact of the presiding Judge having formed and expressed an opinion as to the guilt of the defendant was calculated to impress the jury and interfere with that body according the defendant a proper verdict. (d) That knowledge by occupants of the Courtroom of his Honor, the presiding Judge, entertaining an opinion the defendant was guilty, created an atmosphere hostile to the defendant and operated to the denial of a fair and impartial trial. (e) That for a Judge entertaining preconceived opinions and expressing an opinion as to the guilt of a party to preside over the trial of such party, upon the charge of which the Judge believes the subject guilty, is contrary to our institutions and the spirit of the Constitution of South Carolina."

A Judge is not bound to grant a new trial because if he had been on the jury he would have found a different verdict, but where there is sufficient evidence to sustain the verdict, he is not bound to grant a new trial, and in a criminal case, proceed to sentence the defendant; and in sentencing the defendant he does not indicate that he thinks the defendant guilty, but simply concurs in the verdict of the jury without any expression of opinion by him of the defendant's guilt, then, if an appeal for a new trial is

granted, he is not disqualified to preside at the second trial. But, if he expresses his decided opinion of the guilt of the accused in passing sentence, he should not preside at the second trial, if objection was made.

In this case Judge Rice expressed at the first trial, after the defendant was convicted and in passing sentence a decided opinion of the guilt of the accused, and should not have presided at the second trial of the defendant when objection was made, as he had disqualified himself by expressing that opinion.

Any one who knows Judge Rice knows that every case tried before him is tried fairly and impartially and he would be one of the last Judges to try any cause where he is conscious of any bias or prejudice. The writer of this opinion has known him intimately for 20 years or more, and he is the soul of honor and fairness, just and upright and learned, and he would be the last one to do injustice to any one. Yet by his remarks in sentencing the defendant at the first trial he indicated his opinion of the defendant's guilt, and thereby disqualified himself to preside at the second trial, and the exception must be sustained, and a new trial granted.

New trial.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring) : I concur in this opinion, and heartily in the encomium upon the learned and upright Judge. As a sustaining ground to the conclusions reached by Mr. Justice Watts, I offer this suggestion. A valuable right, to which the defendant was entitled, upon his conviction on the second trial, was to move for a new trial upon the evidence. That right, in my opinion, was seriously impaired by the learned Judge's previously expressed conviction as to his guilt, upon substantially the same evidence.