20849

The STATE, Respondent, v. Theodore Gilbert HAYES and Richard T. Hayes, Appellants.

(250 S. E. (2d) 342)

*Hyman, Morgan, Brown, Saleeby, Jeffords & Rushton,* Florence, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, *for respondent.*

January 10, 1979.

RHODES, Justice:

The appellants are brothers who were charged with assault and battery with intent to kill. The crime resulted in serious injury to a motorist who was struck by a brick thrown from an overpass onto Interstate Highway 95.

The charges against Richard T. Hayes, a juvenile, were heard before the Family Court, resulting in a determination of his guilt. Thereafter, Theodore Gilbert Hayes was tried by jury in the Court of General Sessions and convicted of assault and battery with intent to kill. Although these cases arise from different jurisdictions, the State and the defendants have agreed to consolidate them for purposes of this appeal. We affirm.

Following the juvenile proceeding of Richard Hayes and just prior to the trial of Theodore Hayes, the defense produced an affidavit from one Jimmy Douglas Vaught, Jr., which was to the following effect: (1) That approximately one month after the crime was committed, one Steve Page and Robert Wallace personally admitted to him that they had thrown the brick which caused the injury; (2) that Steve Page had also made this same confession to his sister (Robin Renee Vaught); and (3) that subsequent to the crime, both Page and Wallace had moved outside the state.

Based on the affidavit, counsel for appellant Richard Hayes made a motion for a new trial on the ground of after discovered evidence. This motion was later denied.

At the trial of the elder Hayes brother in General Sessions Court, the defense produced Jimmy and Renee Vaught as witnesses and proffered their testimony relative to the admissions of Page and Wallace. The court sustained the State's objection to the admissibility of this testimony.

The pivotal issue in these two cases is whether the tesimony of the Vaughts is admissible as a declaration against the penal interests of Page and Wallace. The lower court held it inadmissible on the ground that South Carolina has not recognized such declarations as an exception to the hearsay rule in criminal cases. We agree.

The majority of jurisdictions support the rule that in criminal cases, evidence of the confession of a stranger that he perpetrated the offense is not admissible as substantive evidence to exculpate a defendant. C. McCormick, Evidence § 278, at 673 (2d ed. 1972). J. Dreher, A Guide to Evidence Law in South Carolina, 73 (1967).

While appellants argue on authority of *McClain v. Anderson Free Press,* 232 S. C. 448, 102 S. E. (2d) 750 (1958), and *Coleman and Lipscomb v. Frazier,* 4 Rich. 146. 53 Am. Dec. 727 (1850), that our Court has relaxed this traditional rule, we find no sanction for this reliance. As both cases involved civil actions, we do not find them controlling for purposes of this appeal.

We are aware of no South Carolina authority allowing admission of declarations against penal interest at a criminal trial. We, therefore, adhere to the majority view, concluding that the testimony of the Vaughts was properly excluded in the trial of Theodore Hayes.

. In reaching this determination, we likewise dispose of the contention of Richard Hayes for a new trial. This contention is grounded solely upon the above discussed testi-

mony. The trial judge found that the substance of the Vaughts' testimony was not credible and inadmissible under South Carolina law. Under these circumstances, we conclude that denial of appellant's motion for a new trial was proper. *State v. Pierce,* 263 S. C. 23, 207 S. E. (2d) 414 (1974).

Other exceptions are taken by Theodore Hayes to his jury trial. Under authority of *State v. Atterbury,* 134 S. C. 392, 133 S. E. 101 (1926), appellant contends that the trial judge should have disqualified himself from his trial after having made a prior determination of his younger brother's guilt at a juvenile proceeding. While it is basic that actual bias or prejudice on the part of a trial judge would mandate his disqualification, we do not find such circumstances present in the case at bar. Unlike *Atterbury,* the judge below made no gratuitous expression of appellant's guilt prior to his trial. Although he determined the guilt of the younger Hayes in a non-jury proceeding, the trial judge was without authority to inject his opinion of the evidence into the subsequent trial of Theodore Hayes, as the weight of the evidence was left solely to the jury. Annot. 60 A. L. R. 3d 176, 196 (1974). We therefore conclude the trial judge did not commit error in refusing to disqualify himself.

The appellant also contends that the trial judge erred in refusing to quash the indictment against Theodore Hayes because Robert Wallace and Steve Page had not been so indicted. The duty to prosecute lies in the sound discretion of the solicitor, who may refrain from criminal prosecution where the evidence against an accused appears nebulous as in the case at bar. 63 Am. Jur. 2d, Prosecuting Attorneys, § 25. We find this exception without merit.

Likewise unmeritorious is appellant's final exception wherein he argues that a verdict of not guilty should have been directed on his charge of assault and battery with intent to kill. He contends that the State failed to prove the requisite element of intent. The trial judge ruled:

An act of such gross recklessness or a reckless act can be so gross as to be tantamount to intent and I think probably you might characterize throwing a brick on a moving vehicle an act of this class.

Such conclusion was proper in light of the general proposition that the intent to kill may be inferred from surrounding circumstances. 40 C. J. S. Homicide § 79. As was stated in *State v. Haney,* 257 S. C. 89, 91, 184 S. E. (2d) 344, 345 (1971), "[a]bsent an admission by the defendant, proof of intent necessarily rests on inference from conduct."

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.