752 S.E.2d 261

**The STATE, Petitioner,**

v.

**Robert WATKINS, Respondent.**

**Appellate Case No. 2011–195272.**

**No. 27334.**

Supreme Court of South Carolina.

Heard Oct. 16, 2013.

Decided Dec. 4, 2013.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, and William Walter Wilkins, III, of Greenville, for Petitioner.

Appellate Defender David Alexander of Columbia, for Respondent.

Justice PLEICONES.

We granted certiorari to review a Court of Appeals decision that reversed respondent's convictions for armed robbery and possession of a weapon during a violent crime. *State v. Watkins,* Op. No. 2011–UP–091 (S.C. Ct.App. filed March 8, 2011). The Court of Appeals purported to adopt a rule[1] requiring that a trial "judge must grant a recusal motion made during a new trial arising from a [post-conviction relief] hearing in which the judge also sat." *Id.* We reverse the holding that creates this rule, find no error in the trial judge's denial of respondent's recusal request, determine there is no merit to respondent's *Faretta*[2] issue under Rule 220(C)(1), SCACR, and reverse the decision of the Court of Appeals.

---

1. Since this rule was announced in an unpublished memorandum opinion, it had no precedential value. Rule 220(a), SCACR.

2. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

## ISSUE

Did the Court of Appeals err in creating a rule mandating that a trial judge recuse himself upon motion if he heard the post-conviction relief (PCR) matter that led to the new proceeding?

## ANALYSIS

Respondent was first convicted of armed robbery and weapons possession in a trial held in 2002. Following the Court of Appeals' dismissal of respondent's *Anders*[3] direct appeal in 2004,[4] respondent file an application for PCR. Judge Patterson denied the application, finding (1) that respondent was not credible and (2) that trial counsel's belief that he had complied with the alibi notice requirement of Rule 5(e)(1), SCRCrimP, while erroneous, was "well founded." This Court granted certiorari and reversed, holding that trial counsel was ineffective in failing to preserve respondent's right to an alibi charge. *Watkins v. State,* Memo. Op. 2008–MO–001 (S.C. Sup.Ct. filed January 14, 2008).

After remand, the matter came before Judge Patterson in March 2008 on cross-motions by the Public Defender's Office to be relieved from representing respondent and respondent's motion that it be relieved. Ultimately, the judge relieved counsel and informed respondent, who was hoping to hire a private attorney, that he would appoint counsel for respondent if he made a timely request before the case was scheduled to be tried in July 2008. At a subsequent hearing before Judge Patterson in April 2008, the State announced that respondent wanted a bench trial, and that the State wished to set it for June 2 before Judge Patterson, given his familiarity with respondent's request to proceed pro se and the fear that once the case was called for trial that respondent would then seek to delay by asking for representation. Respondent's request that Judge Patterson recuse himself for the retrial because he had presided at respondent's PCR hearing was denied.

---

3. *Anders v. California,* 386 U.S. 73 (1963).

4. *State v. Watkins,* Op. No. 2004–UP–406 (S.C. Ct.App. filed June 22, 2004).

At a hearing in May 2008, respondent, appearing pro se, made numerous motions. As the situation deteriorated, Judge Patterson ordered the attorney he had appointed as stand-by counsel to take over representation. When the case was called for trial in September 2008, respondent again asked that appointed counsel be relieved. After the *Faretta* hearing, however, respondent changed his mind and asked that the attorney continue to represent him. Respondent, however, renewed his motion to proceed pro se following an in camera suppression hearing. The motion was granted and respondent represented himself at the trial. Respondent was convicted, sentenced, and appealed.

On appeal, the Court of Appeals held it was reversible error for Judge Patterson to deny respondent's request that he recuse himself, analogizing this case to *Floyd v. State*, 303 S.C. 298, 400 S.E.2d 145 (1991). *Floyd* adopted a *per se* rule that a judge scheduled to hear a PCR matter must, upon request, recuse himself if he presided over the guilty plea, criminal trial, or probation revocation for which PCR is sought.[5] The State contends the Court of Appeals' extension of *Floyd's* rationale to this situation was error. We agree.

First, it is questionable whether respondent's request that Judge Patterson recuse himself, made only at the April 2008 hearing preserved the recusal issue for appeal when it was not renewed either at the May 2008 hearing or at the September 2008 trial. Second, a retrial judge is in a different posture than the PCR judge. A PCR judge is frequently asked to review his own conduct in the trial, plea, or probation revocation proceeding, albeit most often through a claim of ineffective assistance of counsel. On the other hand, a PCR judge tasked with retrying the case is not being asked to judge his own prior rulings. Moreover, the trial judge is often required in effect to pass upon the guilt of the defendant, while guilt or innocence is not at issue in a PCR hearing. *Compare State v. Atterberry*, 134 S.C. 392, 133 S.E. 101 (1926) (where trial judge expressed opinion that defendant was guilty when sentencing defendant, must recuse at retrial upon objection) *with State v.*

---

5. We granted the State's petition to argue against the *Floyd* precedent. Since *Floyd*, which establishes a rule for PCR, is not before the Court in this direct appeal, we decline to reconsider *Floyd* at this juncture.

*Hayes,* 272 S.C. 256, 250 S.E.2d 342 (1979) (no recusal necessary where trial judge had already adjudicated defendant's younger brother delinquent based upon the same offense).

While we disagree with the rule announced by the Court of Appeals, we emphasize that a criminal defendant may ask the judge who heard his PCR to recuse herself from the retrial of the matter for any of the reasons for which recusal may be sought. Here, we find no evidence of judicial bias warranting Judge Patterson's recusal. Canon 3(E)(1)(a), SCACR.

## CONCLUSION

The decision of the Court of Appeals is

**REVERSED.**

TOAL, C.J., BEATTY, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.