9117

STATE v. ROGERS. .

(85 S. E. 636.)

CRIMINAL LAW.  EVIDENCE.  TESTIMONY OF DECEASED WITNESS.  TRIAL. CROSS-EXAMINATION.

1. EVIDENCE—EVIDENCE AT FORMER TRIAL.—The rule in civil cases is that the evidence of a witness who has been examined on a former trial may be introduced on a second trial, where the point in issue is the same, where the witness is dead, insane, beyond seas, or where the Court is satisfied that he has been kept away by the contrivance of the opposite party; but such exceptions do not extend to the evidence of a witness whose only excuse for not testifying was that he was too unwell to make the trip.

2. CRIMINAL LAW—TRIAL—CONFRONTATION OF WITNESSES.—The admission of such evidence in civil cases does not contravene the constitu-

FOOTNOTE.—As to admissibility in criminal case of record of testimony given upon preliminary examination by witnesses not available at time of trial, see note in 25 L. R. A. (N. S.) 868.

tional provision that in all criminal prosecutions the accused shall be confronted with the witnesses against him.

3. CRIMINAL LAW—HARMLESS ERROR—ADMISSION OF EVIDENCE.—In a prosecution for malicious injury, a mode of cross-examination enabling the State indirectly to introduce in evidence the testimony of witnesses on the former trial, which was inadmissible, was reversible error. •

· Before WILSON, J., Marlboro, October, 1914. Reversed.

The defendant, Walter Rogers, being convicted of a malicious injury to a railroad track, appeals on the following exceptions:

1. Because his Honor erred· in allowing a copy of a transcript of the testimony of a witness, John Johnson, taken at a former trial to be put in evidence upon the trial of the defendant; it being respectfully submitted that it was error on the part of the trial Judge to admit this testimony for the following reasons:

(a) The testimony of a witness at a former trial is inadmissible in a subsequent trial in this State.

(b) The proper foundation was not laid under the law in those States where such testimony is permitted.

(c) A copy of a transcript of the testimony is inadmissible unless it should be shown that the original transcript has been lost, or is beyond the reach of the Court.

2. (a) Because his Honor, the presiding Judge, committed error in allowing the attorney for the State on a cross-examination to read from the transcript of the testimony of Ike Dudley, a witness at the former trial, who was present at Court, but who was incompetent as a witness by reason of the fact that he was disqualified, it being respectfully submitted that it was error to permit the attorney for the State to bring before the jury testimony which was inadmissible and incompetent and to allow the State in this indirect way to get incompetent testimony before the Court.

(b) Because his Honor committed error in allowing the attorney for the State to read from the transcript of the testimony of Hattie Rogers, a witness who testified at the former trial, and who was present in Court, and

whose testimony could have been obtained by the State, it being respectfully submitted that the reasons assigned for not placing this witness upon the stand were invalid and that the State could not in this way impeach the testimony of their own witness at a former trial by creating the impression that if this witness would go upon the stand she would swear falsely, because of the facts stated by attorney for the State, it being the presumption of law that a witness will testify to the truth, and it being further submitted that the State could not in this indirect way secure the testimony of this witness, Hattie Rogers, and thus deny the defendant the right of the full and complete cross-examination.

Because the testimony of John Johnson, Ike Dudley and Hattie Rogers were improperly admitted in evidence.

*Mr. J. K. Owens,* for appellant: *Record of testimony of deceased witness is admissible in civil cases only:* Greenleaf Ev., sec. 163; 22 S. C. 425; 1 Strob. 258; 1 N. & McC. 409; 1 Rich. 124; 29 S. C. 317; Stevens on Ev., art. 32; 23 L. R. A. (N. S.) 873.

*Mr. D. D. McColl,* for respondent, cites: 16 Cyc. 1089, 1090; 161 Am. St. Rep. 850, 887; 25 L. R. A. (N. S.) 868; 84 S. C. 187.

June 8, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was convicted under an indictment charging him with malicious injury, and appealed to the Supreme Court, which reversed the judgment of the Circuit Court, and remanded the case for a new trial. 96 S. C. 350, 80 S. E. 497.

Upon his second trial, the defendant was again convicted, and he has appealed to this Court on two assignments of error, which will be reported.

First Exception. The well established rule in civil cases in this State is, that the evidence of a witness who has

been examined on a former trial, and where the point in issue is the same, may be introduced on a second trial: (1) Where the witness is dead; (2) insane; (3) beyond seas, and (4) where the Court is satisfied, that the witness has been kept away, by the contrivance of the opposite party. *Drayton* v. *Wells,* 10 S. C. L. (1 N. & McCord) 409; *Petrie* v. *R. R.,* 29 S. C. 303, 7 S. E. 515; *McColl* v. *Alexander,* 84 S. C. 187, 65 S. E. 1021.

This rule does not contravene the constitutional provision that in all criminal prosecutions the accused shall be confronted with the witnesses against him. Cooley's Con. Lim., ch. X, p. 387.

In the case of *State* v. *Campbell,* 30 S. C. L. (1 Rich.) 124, it was held that the testimony of a witness, examined on a coroner's inquest, in the absence of the prisoner, though taken down in writing by the coroner, signed by the witness, and returned to the clerk, was not competent evidence against the prisoner, on a trial for murder, after the death of the witness; but the reason why such testimony was not admissible was, because the defendant did not have the opportunity of subjecting the witness to a cross-examination.

The authorities elsewhere are conflicting, as will be seen by reference to the numerous cases cited in the notes to *Cline* v. *State,* 36 Tex. Crim. Rep. 320, 36 S. W. 435, 37 S. W. 722, 61 Am. St. Rep. 850, and *State* v. *Hefferman,* 22 S. D. 513, 118 N. W. 1027, 25 L. R. A. (N. S.) 873.

The testimony of the witness in the present case did not fall within any of the exceptions that rendered it admissible, and this assignment of error is sustained.

Second Exception. This exception must be sustained, for the reason that the mode of cross-examination therein mentioned, enabled the State to introduce in evidence indirectly, the testimony of witnesses on the former trial, which, as already shown, was inadmissible.

New trial.