587 A.2d 805

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel R. SOPOTA, Appellant.**

Superior Court of Pennsylvania.

Argued April 25, 1990.

Decided March 8, 1991.

1

Robert T. Yurchak, Summit Hill, for appellant.

Gary F. Dobias, Asst. Dist. Atty., Jim Thorpe, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, OLSZEWSKI, DEL SOLE, TAMILIA, JOHNSON and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence imposed upon Appellant after he was found guilty of voluntary manslaughter at the conclusion of a jury trial. Appellant timely filed post-verdict motions and subsequently filed, without leave of court, supplemental post-verdict motions. The trial court found no merit in the issues raised in either of Appellant's motions and, accordingly, denied relief. The court sentenced Appellant to a term of four to eight years imprisonment. This timely, direct appeal followed. We vacate the judgment of sentence and remand for a new trial.

Appellant's conviction was the result of the fatal stabbing of Thomas DeWolfe, (the "victim"), during a domestic dispute which occurred in the victim's trailer home on September 8, 1987. The victim shared the trailer with Karen Kluk, a cousin of Appellant. On the date in question, the victim and Appellant had spent the entire day drinking and returned to the trailer in the late afternoon. Upon arriving at the trailer, the victim saw that several neighbors and friends of Ms. Kluk were present and ordered them to leave. Everyone then left except for Appellant, Ms. Kluk and her infant twin sons. The victim proceeded to argue with Ms. Kluk, demanding that she pack her bags and move out of the trailer. The victim became aggressive toward Ms. Kluk and began to strangle her. A struggle then ensued between the victim and Appellant. Grabbing a kitchen knife, Appellant stabbed the victim in the back thereby causing the victim to release his hold on Ms. Kluk. When the victim turned toward him, Appellant stabbed him in the chest. Although the victim later died as a result of

this wound, he was able to run from the trailer and down the road where he died a short time thereafter.

The case proceeded to trial in January, 1988. As part of its case in chief, the Commonwealth wished to present the original statement Ms. Kluk made to the police on the day of the stabbing. At a sidebar discussion prior to the presentation of its case, the assistant district attorney informed the trial court that, because Ms. Kluk had recanted her statement on several occasions, he was alleging prosecutorial surprise and asked that she be declared a hostile witness so that he would be able to question her as of cross-examination. After an off-the-record discussion in chambers, the trial court agreed and allowed the Commonwealth to call its next witness. While the Commonwealth had subpoenaed Ms. Kluk, she was not called as a witness in order to discover whether she would repeat her revised statement of what had occurred prior to the stabbing. Instead, the Commonwealth called the prosecuting police officer, John Dillon, to the stand, and the officer read part of Ms. Kluk's original statement to the jury. Defense counsel objected on the basis of hearsay, since Ms. Kluk was sequestered in the hallway outside the courtroom. Upon the prompting of the trial court, defense counsel then waived his sequestration motion as to Ms. Kluk and she was permitted back into the courtroom. The trial court then indicated on the record that defense counsel's hearsay objection was overruled since Ms. Kluk, the declarant of the statement, was then present in the courtroom and available for cross-examination. Ms. Kluk was later called by the defense during the presentation of its case; only then did she recant her prior statement and explain why it was inconsistent with her direct testimony.

■ Appellant first asserts that the evidence was insufficient to support the verdict of guilty of voluntary manslaughter and to negate his evidence of self-defense and/or defense of others. We do not agree. In reviewing the sufficiency of the evidence, this Court must view the evidence presented and all reasonable inferences that arise

therefrom in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Edwards*, 493 Pa. 281, 426 A.2d 550 (1981).

The crime of voluntary manslaughter is defined as follows:

A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidently causes the death of the individual killed.

18 Pa.C.S.A § 2503(a) (Purdon 1983).

The evidence presented at trial clearly established that Appellant became enraged after watching the victim assault his cousin and that he then confronted the victim with a kitchen knife and stabbed him. Appellant's own testimony that he told his cousin "he was sorry he did it" and that he told the victim "you shouldn't have done it" confirms the fact that he stabbed the victim in retaliation for the victim's attack on his cousin. (N.T. at pp. 214, 217). Furthermore, Dr. Isadore Mihalakis, who had performed the autopsy on the victim, testified that he had observed multiple wounds on the body of the victim and that the fatal wound had gone through tissue, muscle, bone and various other internal organs. Dr. Mihalakis further testified that he had observed defensive wounds on the victim and that substantial force would have had to have been utilized in order to inflict the fatal wound. Thus, Appellant's initial claim is without merit.

■ Appellant next claims that the trial court erred in permitting the Commonwealth's use of a prior inconsistent statement of a non-party witness for its substantive value, without that person first taking the stand and recanting the substance of her earlier statement. Prior to addressing the merits of this issue, we must discuss the procedural irregu-

larity surrounding it. This issue was not raised in Appellant's initial timely filed post-verdict motions. Rather, Appellant first raised the issue in his supplemental post-verdict motions which, as noted above, were filed without leave of court. Although this issue was fully addressed by the trial court, which also commented on the irregular procedure utilized by Appellant, the Commonwealth now contends [1] that Appellant has waived our review of the issue because his supplemental post-verdict motions were filed without leave of court. We disagree and find the issue sufficiently preserved for appellate review.

*En banc* consideration was granted in the present case so that this Court would have the opportunity to review the question of whether supplemental post-verdict motions, filed without leave of court but nevertheless addressed by the trial court, are sufficiently preserved on appeal such that this Court can properly address them. The discussion shall involve Pa.R.Crim.P. 1123(a). Because this Court has seen fit to discuss this matter *en banc,* we shall first review the recent developments regarding this rule.

Initially, we note that in the present case we are concerned with supplemental post-verdict motions filed, without leave of court, subsequent to the timely filing of other post-verdict motions and not the situation where all of a defendant's post-verdict motions are filed in an untimely manner. *See e.g., Commonwealth v. Gregory,* 309 Pa.Super. 529, 455 A.2d 1210 (1983).

In *Commonwealth v. Sheaff,* 365 Pa.Super. 613, 530 A.2d 480 (1987), a panel of this Court was presented with a situation where the defendant first timely filed a post-verdict motion in which he raised a sufficiency of the evidence claim in "boilerplate" fashion. While the defendant later filed a supplemental post-verdict motion, wherein he reasserted the sufficiency claim with the requisite speci-

1. The record does not reveal whether the Commonwealth objected to the filing of the supplemental post-verdict motions at the trial court level. The Commonwealth's brief on appeal likewise does not reveal that it adopted this position below. Therefore, we will presume it did not.

ficity, the record did not indicate that the defendant ever sought the permission of the trial court to file the supplemental post-verdict motion *nunc pro tunc.* The trial court addressed the sufficiency claim. This Court initially found that the timely filed sufficiency issue was waived due to lack of specificity. Thus, the issue became whether the supplemental claim was also waived since it was filed without first seeking leave of court. The panel, after citing at length from another panel decision which construed former Rule 1123, *Commonwealth v. Kelly,* 365 Pa.Super. 28, 528 A.2d 1346 (1987), *alloc. den'd* in 517 Pa. 598, 535 A.2d 1057 (1987), announced this Court's position on the issue:

> To summarize and clarify our position in this case and the cases cited herein, we hold that permission *must* be requested and granted *on the record before* supplemental post-trial motions may be filed. Counsel may not simply reserve the right to file such motions by adding a notation to that effect in the original post-trial motions. In order to preserve the right to file supplemental motions after the transcript is received, a request must be approved in advance in a timely fashion. If permission is granted, and supplemental motions are filed, an allegation that could have been raised without the need for a transcript is still considered to be waived.

*Commonwealth v. Sheaff,* 365 Pa.Super. at 619, 530 A.2d at 482-83. (Emphasis in original). Thus, in *Sheaff,* the panel held that the supplemental motion filed in the case did not preserve the issue raised therein for review, despite the fact that the court below addressed it on its merits.

A petition for allocatur in *Sheaff* was granted, 518 Pa. 655, 544 A.2d 1342 (1988), and resulted in a *per curiam* order from the Supreme Court, remanding the case to this Court and instructing that we consider the issue raised in the supplemental post-verdict motion which was filed without leave of court, but nonetheless, addressed by the trial court. Since the Supreme Court remanded by *per curiam* order, this Court was left without the benefit of the Su-

preme Court's reasoning as to why Rule 1123(a), as construed by this Court, did not require a finding of waiver.

In *Commonwealth v. Hewett,* 380 Pa.Super. 334, 551 A.2d 1080 (1988), a panel of this Court did not find an issue waived, even though it was raised in supplemental post-verdict motions without the benefit of leave of court being obtained as required by Pa.R.Crim.P. 1123(a). In reaching such a conclusion, the panel characterized the Supreme Court's *per curiam* reversal in *Sheaff, supra,* stating that:

> It may be inferred from this holding that it was improper for this Court to deem an issue waived for an alleged failure to preserve the issue for review, when the trial court elected to address the issue on its merits. In the instant case, despite the trial court's finding that appellant's claim had been waived by his failure to comply with Pa.R.Crim.P. 1123, the court entertained appellant's contention. In accordance with the apparent ruling of our Supreme Court in *Commonwealth v. Sheaff, supra,* we do not find the claim to have been waived for failure to secure formal allowance of supplemental post-verdict motions *nunc pro tunc.*

*Commonwealth v. Hewett,* 380 Pa.Super. at 338, 551 A.2d at 1082.

This reasoning must have found favor with our Supreme Court since an appeal in *Hewett* was denied. *Commonwealth v. Hewett,* 522 Pa. 583, 559 A.2d 526 (1989). The reasoning underlying the *Hewett* decision has been consistently followed in subsequent cases. *See e.g., Commonwealth v. Pirela,* 398 Pa.Super. 76, 580 A.2d 848 (1990); *Commonwealth v. McBride,* 391 Pa.Super. 113, 570 A.2d 539 (1990); *Commonwealth v. Markovitch,* 388 Pa.Super. 244, 565 A.2d 468 (1989); *Commonwealth v. Laskaris,* 385 Pa.Super. 339, 561 A.2d 16 (1989), *alloc. den'd* in 525 Pa. 617, 577 A.2d 889 (1990).

█ Upon further contemplation of Rule 1123(a), and the stated purpose of the Pennsylvania Rules of Criminal Procedure, we now conclude that the proper course to follow is to

consider issues raised in supplemental post-verdict motions, in all cases, where they are addressed on their merits by the trial court. Rule 2 of the Pennsylvania Rules of Criminal Procedure provides as follows:

> These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure the simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.

Pa.R.Crim.P., Rule 2, 42 Pa.C.S.A. We believe these goals are best achieved by addressing issues raised in supplemental post-verdict motions where the trial court saw fit to overlook the procedural violation and address the merits of the claim. This is especially true in cases where the Commonwealth did not object to the filing of the supplemental post-verdict motions at the trial level. Were we to treat it otherwise, we would deny a criminal defendant the right to fully appeal the alleged errors committed in the trial proceedings in a situation where neither the Commonwealth nor the trial court object to the procedural non-conformity. *See Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) (twofold purpose of motions for new trial and in arrest of judgment is to afford the trial court in the first instance the opportunity to correct asserted trial errors and to clearly and narrowly frame issues for appellate review).[2] We hold, therefore, that Appellant's final claim is not waived and we will now consider its merits.

As stated above, Appellant claims that the trial court erred in permitting the Commonwealth to use a prior inconsistent statement of a non-party witness, for its substantive

---

**2.** Where the Commonwealth initially objects to the filing of the supplemental post-verdict motions we would be inclined to hold that the trial court may still consider the merits of them, but must place its reasons for overlooking the procedural infraction upon the record. In the present case, it can be argued that the court did so when it stated that it would address the issue so as to avoid consideration of the same issue at some later date. (Trial Court Opinion at p. 5). However, we limit our present holding to the facts of the case as presented to us.

10

value, without that person first taking the stand and recanting her earlier statement. The Commonwealth claims that the Pennsylvania Supreme Court's decision in *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986) permitted the introduction of the statement in this manner. While there is no question that *Brady* allows the introduction of a prior inconsistent statement for its substantive value, as well as for its value as a tool to impeach a witness, the Commonwealth misreads *Brady* to allow the introduction of a statement before the witness testifies and the inconsistency arises. In *Brady*, the only eyewitness to the crime gave a tape-recorded statement that she later recanted in a sworn affidavit. At the time of trial, the Commonwealth called the witness to the stand, at which time she again recanted her statement, prompting the Commonwealth to use the tape-recorded statement over the objections of defense counsel. In allowing the statement to be used for its substantive value, Justice Larsen, writing for the majority, stated:

> The simple fact is that "the usual dangers of hearsay are largely nonexistent where the witness testifies at trial." [Citation omitted]. By hypothesis in these situations, the out-of-court declarant is now a witness *in-court* where he or she is placed under oath, subject to cross-examination and under observation by the finder of fact. [Citation omitted]. Indeed, the cross-examination to which a recanting witness is subjected will likely be meaningful and vigorous since the witness is already "on the spot" in having to explain the discrepancies between earlier statements and direct testimony, or deny that earlier statements were made at all.

*Id.* 510 Pa. at 128–29, 507 A.2d at 69. (Emphasis in the original).

This decision, therefore, establishes a two-prong test for the admission of the out-of-court statement: The declarant must be a witness in a judicial proceeding, and the declarant is available for cross-examination. Neither of these conditions were met by the manner in which the Commonwealth

introduced the prior inconsistent statement in the present case. While the declarant, Ms. Kluk, had been subpoenaed by the Commonwealth, she had not been called to the stand and had not recanted under oath any part of her prior statement; she was not, therefore, observed by the jury, and was not subjected to cross-examination by defense counsel. Thus, the dictates of *Brady* were violated by the trial court's allowance of Ms. Kluk's statement to be introduced for its substantive value prior to her taking the stand and recanting the statement.

Given the above test established by *Brady*, the error committed by the trial court was not cured merely because Ms. Kluk was available in the courtroom. It can be argued that the above-mentioned indicia of reliability which make Ms. Kluk's statement admissible for its substantive value were later supplied when the appellant called her as a witness. However, shifting the burden of supplying these factors to the appellant is clearly impermissible. The Commonwealth, by failing to call Ms. Kluk, virtually compelled appellant to call Kluk so that she could explain the discrepancies regarding her original statement to the police and her in-court version of the facts. The fact that the presence of Ms. Kluk on the witness stand now provided the indicia of reliability which make her original statement to the police admissible for its substantive value, in that she was under oath, subject to cross-examination and under observation by the fact-finder, does not operate to cure the Commonwealth's violation of *Brady*. *Brady* requires the declarant to be a witness at the time the prior inconsistency is presented. Implicitly, *Brady* also requires that the indicia of reliability which make a prior statement of a non-party witness admissible for its substantive value must be present when that statement is presented. Therefore, it is of no consequence that that same witness is later placed on the stand as part of appellant's defense. Thus, the Commonwealth's error was not cured by appellant's use of Ms. Kluk

12

as a witness in his behalf.[3]

■ A trial error is considered harmless only if the appellate court is convinced beyond a reasonable doubt that the error was harmless. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). The burden of establishing the harmless nature of the error rests with the Commonwealth. *Id.* In the present case, the Commonwealth did not cure the error and such a burden cannot be placed on Appellant. Thus, we cannot conclude that the error was harmless and therefore reverse and remand for new trial.[4]

The judgment of sentence is vacated, and the matter remanded for a new trial. Jurisdiction is relinquished.

TAMILIA, J., concurs in result.

---

3. Defense counsel may have intended to call Ms. Kluk as a witness, regardless of whether the Commonwealth introduced her original statement in its case. We cannot, however, speculate in this regard. The clear result of the introduction by the Commonwealth of the inculpatory, recanted statement of Ms. Kluk was that Appellant had little choice in the matter. He was then virtually compelled to call her as his own witness.

4. Our disposition renders unnecessary discussion of Appellant's argument that the verdict was against the weight of the evidence.