23550

The STATE, Respondent v. Willie Corda DOCTOR, Appellant.

(413 S.E. (2d) 36)

Supreme Court

*John D. Delgado*, Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Miller W. Shealy, Jr.*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Heard Nov. 21, 1991.

Decided Jan. 6, 1992.

TOAL, Justice:

The appellant, Doctor, was convicted of armed robbery. The issue presented in this appeal is whether the trial court erred in excluding out-of-court statements made against the declarant's penal interest offered to exculpate the accused. We reverse.

## FACTS

At trial the victim and sole eyewitness testified Doctor, accompanied by two other boys, approached him in a shopping mall parking lot and demanded his car keys. According to the victim, when he refused Doctor pointed a gun to his head. The victim then surrendered his keys and the three boys drove away in the car. The car was later found stripped and abandoned.

The defense called a sixteen year old boy to testify. He admitted that it was he and two other minors who committed the theft. The testifying minor claimed Doctor was not involved. He further testified that the three boys found the keys on the floorboard and no gun was used. The minor had previously plead *nolo contendere* to the crime in Family Court.

The other minors implicated by the testifying minor were called to the stand. However, both asserted their Fifth Amendment privilege as advised by their appointed counsel. Doctor's attorney then attempted to introduce the testimony of his investigator, Jones. According to the proffer, Jones would have testified that both the nontestifying minors, separately and in the presence of family members, confessed to the theft of the automobile. The proffer further indicated that the confessions were identical in detail to the in-court confession of the testifying minor. This testimony was held to be inadmissible as hearsay under existing South Carolina evidence law. *State v. Hayes*, 272 S.C. 256, 250 S.E. (2d) 342 (1979).

Three additional witnesses testified they saw the three boys in the car with the stereo intact on the day of the theft. All three witnesses denied seeing Doctor in the car that day.

## LAW/ANALYSIS

Although the State conceded at oral arguments the investigator's testimony was admissible, we take this opportunity to clarify the law as it pertains to the hearsay exception of statements against penal interest. In civil cases, it is well established that statements against penal interest are admissible. *McClain v. Anderson Free Press*, 232 S.C. 448, 102 S.E. (2d) 750 (1958). In *State v. Hayes, supra,* this Court held statements made against the declarant's penal interest are not admissible as substantive evidence offered to exculpate a defendant. The holding of *Hayes* was brought into question by the recent case of *State v. Howard*, 295 S.C. 462, 369 S.E. (2d) 132 (1988), *cert. denied,* 490 U.S. 1113, 109 S. Ct. 3174, 104 L. Ed. (2d) 1036 (1989). In *Howard,* this Court without elaboration held statements against penal interest are admissible in criminal trials. *Id.* 295 S.C. at 468 f.n. 2, 369 S.E. (2d) at 136. In *Howard,* the admitted statements were not offered to exculpate the defendant but were offered by the State to prove the *corpus delicti.*

We now hold out-of-court statements made by an unavailable declarant are admissible in both civil and criminal trials. However, if offered to exculpate the accused in a criminal trial, it is admissible only if corroborating evidence clearly indicates the trustworthiness of the state-

ment. We note this rule is in accord with the Federal Rules of Evidence, Rule 804(b)(3).

In the case at bar, although the declarants were minors, they were not immune to prosecution for this crime. They were made unavailable by their assertion of their privilege against self-incrimination. *State v. Rivas*, 49 Wash. App. 677, 746 P. (2d) 312 (1987). *See also* Fed. R. Evid. 804(a)(1). Moreover, the declarants' statements were sufficiently corroborated in that all three minors related identical versions of the crime. The two out-of-court confessions were further corroborated by the testimony of the three witnesses who saw the three confessing minors in the car without Doctor prior to the removal of the stereo. Thus, the testimony was improperly excluded.

The State argues, however, the exclusion of the confessions was harmless error because the proffered testimony would have been merely cumulative of the testifying minor's confession. The State points out the three confessions were identical in detail so no new evidence was omitted. The redundancy of the details, however, is the very reason the testimony was so valuable to the defendant and its exclusion was not harmless. The testifying minor's version of the theft was contradicted by the victim's testimony. His credibility was attacked on cross-examination. When a witness' testimony is disputed or his credibility called into question, other testimony verifying the facts or opinions given by the witness is not merely cumulative. The State relies on *State v. Patterson*, 299 S.C. 280, 384 S.E. (2d) 699 (1989), vacated on other grounds, 493 U.S. 1013 (1990). *Patterson* is clearly distinguishable from the case at bar. In *Patterson* the defendant sought to introduce an expert whose proffered testimony was identical to the State's own witness' testimony elicited on cross-examination. Thus, the testimony excluded was already in evidence and uncontradicted. We, therefore, reverse the conviction and remand for a new trial.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.