503 S.E.2d 443

**The STATE, Respondent,**

v.

**Robert ANDERS, Petitioner.**

**No. 24806.**

Supreme Court of South Carolina.

Heard May 26, 1998.

Filed June 22, 1998.

Refiled July 20, 1998.

O.W. Bannister, Jr. and D. Garrison Hill, both of Hill, Wyatt & Bannister, Greenville, for petitioner.

Attorney General Charles Molony Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., Columbia, and Solicitor Robert M. Ariail, Greenville, for respondent.

## ORDER

The State petitions for rehearing and to make more definite and certain; the motions are denied. The opinion previously filed by this Court, *State v. Anders,* Op. No. 24806, (S.C.Sup. Ct. filed June 22, 1998) (Davis Adv. Sh. No. 23, at 3), is withdrawn and the following Opinion is substituted in its place.

/s/ <u>Ernest A. Finney, Jr.</u>, C.J.

/s/ <u>Jean H. Toal</u>, J.

/s/ <u>James E. Moore</u>, J.

/s/ <u>John H. Waller, Jr.</u>, J.

/s/ <u>E.C. Burnett, III</u>, J.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' decision in *State v. Anders and Simmons,* 326 S.C. 392, 483 S.E.2d 780 (1997). We reverse.

## FACTS

Appellant, Robert Anders (Anders) and his codefendant, Larry Simmons (Simmons) were convicted of conspiracy, third degree arson, and burning to defraud an insurer, in connection with the October 17, 1992 fire which destroyed Anders' construction firm (R.R. & E.) in Greer.

At their joint trial in May, 1995, Rhonda Sutherland, the wife of an employee of R.R. & E., testified over Anders' objection that the Monday after the fire, she heard Simmons joking that "Robert was going to pay him big for blowing up the building," and explaining that he had set the fire by leaving open propane gas tanks in each room with a lit cigarette in an ashtray on top of a book of matches.[1] The trial court ruled the statements were admissible against Anders on the basis they were made by Simmons in the furtherance of a conspiracy, so as to be admissible against both Anders and Simmons.

The Court of Appeals held Simmons' statement was not admissible under the co-conspirator exception since, even if

---

1. Although much circumstantial evidence was presented, the statement attributed to Simmons was the only direct evidence of Anders' participation in the fire.

made **during** the conspiracy, the statement in no way **advanced** the conspiracy. The Court of Appeals nonetheless affirmed in result, finding the statement admissible against Simmons as a statement against penal interest; the Court further held admission of the statement did not violate Anders' Sixth Amendment right of confrontation, since Simmons was available and testified at trial.

## DISCUSSION

 We agree with the Court of Appeals' holding that Simmons' admission to the crime in no way furthered the conspiracy. *Accord United States v. Posner,* 764 F.2d 1535 (11th Cir.1985), *cert. denied* (although statements made to "allay suspicions" may be "in furtherance" of conspiracy, "spilling the beans" does not further conspiracy); *United States v. Pallais,* 921 F.2d 684 (7th Cir.1990), *cert. denied,* 502 U.S. 842, 112 S.Ct. 134, 116 L.Ed.2d 101 (1991) (casual admissions of culpability are not "in furtherance" of conspiracy and are insufficiently reliable to be considered by the jury). Accordingly, the Court of Appeals correctly ruled the statement was not admissible under the co-conspirator exception. *See State v. Sullivan,* 277 S.C. 35, 42, 282 S.E.2d 838, 842 (1981) (exception to rule against hearsay permits statements of one conspirator made during the pendency of the conspiracy, and in furtherance thereof, to be admitted against a co-conspirator once prima facie evidence of a conspiracy is proved); *see also* South Carolina Rules of Evidence, Rule 801(d)(2)(E).[2]

However, we disagree with the Court of Appeals' conclusion that Simmons' statement was nonetheless admissible as a statement against his penal interest.

 Out-of-court statements against penal interest, made by an unavailable declarant, are admissible in both civil and criminal trials. *State v. Doctor,* 306 S.C. 527, 413 S.E.2d 36 (S.C.1992). *See also* SCRE, Rule 804(b)(3). Where the declarant is available to testify, the exception is inapplicable. *State v. McKnight,* 321 S.C. 230, 467 S.E.2d 919 (1996). Here, as Simmons was available and did testify, the exception for

---

**2.** This case was tried in May, 1995, prior to the effective date of the South Carolina Rules of Evidence (SCRE).

statements against penal interest is clearly inapplicable. Accordingly, the Court of Appeals erred in admitting the statement under this exception.[3]

■ The Court of Appeals further found that, since Simmons was present and testified at trial, there was no Confrontation Clause violation in its admission. In light of the fact that Simmons' statement was not admissible against Anders,[4] we need not address the Confrontation Clause issue.[5] The Court of Appeals' opinion is

**REVERSED.**[6]

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

---

3. The only other conceivable basis upon which to justify admission of Simmons' statement against Anders would be as a prior inconsistent statement. The timing of Sutherland's testimony precludes its use in such a manner. *See Commonwealth v. Sopota*, 403 Pa.Super. 1, 587 A.2d 805 (1991) (admission of prior inconsistent statement of a witness, for its substantive value, without the person first taking the stand and denying having made it, is reversible error). In *Sopota*, the court held the error was not cured when the declarant was subsequently called as a witness by the defendant; once the declarant's statement had been introduced by the state, the defendant was virtually compelled to call the declarant in order that the declarant could explain the discrepancies. *Id.*, 587 A.2d at 809–810. As in *Sopota*, once the State introduced Sutherland's testimony, Simmons had little alternative but to take the stand and either explain or deny the statement attributed to him.

4. The statement was admissible **against Simmons** as an admission. The fact that it was an admission by Simmons, however, does not render it automatically admissible **against Anders.** On the contrary, Rule 801(d)(2) provides a statement is an admission if it is "offered against a party and is (A) the **party's own statement** in either an individual or a representative capacity ..." The statement here was not Anders' "own statement," and was clearly therefore not admissible as an admission **against Anders.** *Accord, United States v. Hay*, 122 F.3d 1233 (9th Cir.1997) (codefendant's admissions not admissible as non-hearsay against defendant under party admission exemption).

To the extent the statement was admissible against Simmons, it should have been redacted to omit any reference to Anders. *Accord, State v. Clark*, 286 S.C. 432, 334 S.E.2d 121 (1985) (it is error to admit codefendant's confession without redacting references to defendant).

5. To the extent the Court of Appeals addressed the Confrontation Clause issue, its opinion is vacated.

6. Our opinion in no way impacts Simmons' convictions.