**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Garrick MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 16, 2009.

Filed July 15, 2009.

---

Nicole D. Sloane, Public Defender, Erie, for appellant.

Erin E. Connelly, Assistant District Attorney, Erie for Commonwealth, appellee.

BEFORE: BOWES, ALLEN, and KELLY, JJ.

OPINION BY ALLEN, J.:

¶ 1 Garrick Moore ("Appellant") appeals from the trial court order denying his petition for extension of time to file a post-sentence motion. We remand with instructions, and hold that, for reasons of judicial economy and fairness, a defendant who raises ineffective assistance of counsel claims after being found in contempt of a Protection from Abuse order ("PFA") and sentenced to imprisonment pursuant to 23 Pa.C.S.A. § 6114, is entitled to an evidentiary hearing on the ineffectiveness of counsel claims, such that the record is

adequate to assess the claims on direct appeal, consistent with *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003).

¶ 2 The trial court summarized this case as follows:

> On January 15, 2008, ... this Lower Court entered a Final Order Of Protection From Abuse, in which [Appellant] was prohibited from having any contact with the Plaintiff. Subsequently, on July 23, 2008, an Indirect Criminal Contempt Hearing was held before the Lower Court in order to determine whether [Appellant] violated the above stated Protection from Abuse Order on three separate occasions. At the July 23, 2008 Indirect Criminal Contempt Hearing, [Appellant] was represented by Carolyn E. Gold, Esq., from the Erie County Office of the Public Defender. Pursuant to 23 Pa.C.S. § 6114, this Lower Court found [Appellant] guilty of Indirect Criminal Contempt at all three docket numbers, and [Appellant] was sentenced to serve six months of incarceration at each docket number. However, Docket Number 326 of 2008 was to be served concurrent to Docket Number 325 of 2008, while Docket Number 327 of 2008 was to be served consecutive to Docket Number 325 of 2008.
>
> Thereafter, on July 31, 2008, [Appellant], by and through Nicole D. Sloane, Esq. of the Erie County Office of the Public Defender, filed a Petition For Extension of Time To File A Post–Sentencing Motion. In the petition, Attorney Sloane indicates that [Appellant] wrote to the Chief Public Defender asking for an "Appeal" based upon numerous claims of ineffective assistance of counsel. Attorney Sloane further indicated that the case must be transferred to outside counsel because the ineffective assistance of counsel claims were based upon the previous representation by Attorney Gold of the Public Defender's Office, and therefore, the Public Defender's Office would have a conflict of interest representing [Appellant] in any subsequent proceedings involving the issue of ineffective assistance of counsel. ***However, on August 4, 2008, this Lower Court properly denied [Appellant's] Petition For An Extension Of Time To File A Post–Sentencing Motion because this Lower Court lacks the jurisdiction to extend said time limits.*** On August 7, 2008, [Appellant], by and through Attorney Sloane, filed the instant appeal.

Trial Court Opinion, 10/6/08, at 1–2 (footnote omitted) (emphasis added).

¶ 3 On August 11, 2008, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b), which Appellant filed on August 14, 2008.

¶ 4 Appellant presents the following question for our review:

> Whether the trial court denied Appellant the essential procedural safeguards that attend proceedings where an individual's liberty is at stake including the right to the assistance of counsel and the right to appeal the judgment of sentence?

Appellant's Brief at 3.

¶ 5 Appellant explains that he sought an extension of time to file his post-sentence motion because "an extension would have allowed his case to be transferred to an attorney outside of the public defender's office so that ineffective assistance claims could be raised in the post-sentence motion and on appeal." Appellant's Brief at 7. Appellant averred that "[a] diligent search of legal authority fails to reveal any support for the trial court's assertion that it lacked the jurisdiction to extend the time limit to file a post-sentence motion....Further, even after the

10 day period has expired (but before 30 days), trial courts have the authority to grant a criminal defendant permission to file a post-sentence motion *nunc pro tunc* when the defendant exhibits sufficient cause to excuse the late filing." Appellant's Brief at 10. We agree.

¶ 6 It is initially noteworthy that the request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. *Commonwealth v. Dreves*, 839 A.2d 1122, 1128–1129 (Pa.Super.2003) (*en banc*). Pennsylvania Rule of Criminal Procedure 720(A)(1) requires that post-sentence motions be filed within ten days of sentencing.[1]

■ ¶ 7 This Court has addressed the *nunc pro tunc* filing of post-sentence motions as follows:

> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing ... When the defendant has met this burden and has shown sufficient cause, *the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion nunc pro tunc.*

*Commonwealth v. Dreves*, 839 A.2d at 1128 (emphasis added).

¶ 8 It is well settled that an abuse of discretion is not merely an error of judgment, but rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence on the record. *Commonwealth v. Barnes*, 871 A.2d 812, 819 (Pa.Super.2005).

¶ 9 Here, the trial court abused its discretion when it misapplied the law and stated that it "lacked the jurisdiction to extend the time limitation contained in Rule 720(A)(1)." Trial Court Opinion, 10/6/08, at 2. This statement by the trial court is contrary to the language of *Dreves, supra.* The trial court clearly had the authority to grant or deny Appellant an extension of time in which to file his post-sentence motion. However, the trial court erred when it averred that it lacked jurisdiction to permit Appellant to file his post-sentence motion *nunc pro tunc.*

¶ 10 Furthermore, with regard to the underlying merits of Appellant's petition concerning the ineffectiveness of trial counsel, the trial court commented:

> [T]he underlying basis of [Appellant's petition for extension of time to file a post-sentence motion] was to raise a claim of ineffective assistance of counsel. As a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review because the role of appellate counsel may not include raising claims not contained in the record certified for appeal. The record may not be sufficiently developed on direct appeal to permit adequate review of ineffectiveness claims; and appellate courts do not normally consider issues not raised and developed in the court below. Consequently, [Appellant] is not prejudiced by the denial of his Petition For An Extension Of Time To File A Post–Sentencing Motion, because [Appellant] can raise the claim of ineffective assistance of counsel in a Petition For Post–Convic-

---

1. **Rule 720. Post–Sentence Procedures; Appeal**

   **(A) Timing.**

(1) Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

tion Collateral Relief (PCRA), which is the appropriate vehicle to bring such a claim.

Trial Court Opinion, 10/6/08, at 3 (citation omitted).

¶ 11 We agree with the trial court that Appellant may pursue ineffectiveness of counsel claims pursuant to the PCRA. *See generally Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) (providing that an appellant should wait until collateral review to raise ineffective counsel claims). However, Appellant cites the PCRA, 42 Pa.C.S.A. § 9543, and queries whether he would be eligible to seek relief under the PCRA following the trial court's finding of "indirect criminal contempt at three miscellaneous docket numbers." Appellant's Brief at 11.

¶ 12 The PCRA at 42 Pa.C.S.A. § 9543 provides:

### § 9543. Eligibility for relief

(a) **General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

■■■ ¶ 13 A criminal contempt proceeding arising under the Protection from Abuse Act is criminal in nature, and the Commonwealth must prove every element beyond a reasonable doubt. *Commonwealth v. Nelson*, 456 Pa.Super. 349, 690 A.2d 728 (1997). The sanction of criminal contempt, whether direct or indirect, is an actual criminal conviction. *Commonwealth v. Haigh*, 874 A.2d 1174, 1177 (Pa.Super.2005), *appeal denied*, 585 Pa. 686, 887 A.2d 1240 (2005). "Where a PFA is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order." *Commonwealth v. Brumbaugh*, *II*, 932 A.2d 108 (Pa.Super.2007) (quoting *Commonwealth v. Padilla*, 885 A.2d 994, 996 (Pa.Super.2005)). "Thus, as with those accused [of] other crimes, one charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford." *Haigh*, 874 A.2d at 1176; *Padilla*, 885 A.2d at 996–997 (both quoting *Commonwealth v. Baker*, 722 A.2d 718, 720–721 (Pa.Super.1998) (*en banc*) (citations omitted)).

¶ 14 In the present case, our review of the record indicates that Appellant has indeed been convicted of three crimes by being in contempt of his PFA at three different counts pursuant to 23 Pa. C.S.A. § 6114. The record contains three "criminal complaints" filed pursuant to 23 Pa. C.S.A. § 6114, Appellant's successful application for a public defender, and a "sentencing order" specifying that Appellant was found "guilty" of three counts of violating a PFA and sentencing him to an aggregate one year in prison. Given Appellant's criminal convictions and sentencing, it appears that he would be eligible under 42 Pa.C.S.A. § 9543 to file a petition under the PCRA.

■■ ¶ 15 However, the PCRA may not be a practical or timely vehicle for relief for a defendant who has been found in contempt for violating a PFA. Pursuant to 23 Pa.C.S.A. § 6114(b), a defendant who has been found to be in contempt of a PFA may be sentenced to no more than six

months imprisonment.[2] It is therefore likely that, absent a stay of sentence, the defendant who pursues ineffectiveness of counsel claims under the PCRA would have served all or part of his sentence before his ineffectiveness of counsel claims were resolved under the PCRA. As a general rule, an appellant's claims of ineffective assistance of trial counsel should await collateral review. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). An exception to *Grant* exists, and ineffectiveness claims may be heard on direct appeal, where the ineffectiveness claims were presented to the trial court and the record is adequate to assess their merit in light of the trial court's conclusions. *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003). In *Commonwealth v. Kennedy*, 868 A.2d 582 (Pa.Super.2005), we held that the trial court acted within its discretion in denying a post-sentence motion for an evidentiary hearing to develop a claim of ineffective assistance of counsel for direct review. Most recently, though, this Court in *Commonwealth v. Liston*, 941 A.2d 1279, 1280 (Pa.Super.2008) (*en banc*), *petition for allowance of appeal granted*, 598 Pa. 638, 959 A.2d 1248 (2008).[3] advocated procedure which "best promotes judicial economy." Although the facts of *Liston* were different where the trial court reinstated appellant's appeal rights *nunc pro tunc* but did not address his remaining ineffective assistance of counsel claims, our stated policy in favor of judicial economy is consistent that "the concerns ... with judicial economy and efficiency remain valid." *Id.* at 1283.

¶ 16 Accordingly, where a defendant has been found in violation of a PFA, is sentenced pursuant to 23 Pa.C.S.A. § 6114(b), and alleges ineffectiveness of counsel, judicial economy may be best served by the PFA court conducting a post-sentence *Bomar* evidentiary hearing on a defendant's claims of ineffective assistance of counsel.

¶ 17 Given the foregoing, we vacate the trial court's order denying Appellant's motion for extension of time to file a post-sentence motion and reinstate Appellant's right to file his post-sentence motion *nunc pro tunc* to pursue his claims of ineffective assistance of counsel. As with *Liston*, *supra*, the trial court in this case shall consider the ineffectiveness of counsel issues raised in Appellant's post-sentence motion and dispose of them on the merits. In order to do so, the trial court is directed to conduct an evidentiary hearing on Appellant's ineffectiveness of counsel claims.

¶ 18 Order vacated. Remanded with instructions. Jurisdiction relinquished.

¶ 19 Judge BOWES files a Concurring/Dissenting Opinion.

## CONCURRING AND DISSENTING OPINION BY BOWES, J.:

¶ 1 In the present case, the trial court held that it did not have the authority to grant Appellant permission to file his untimely post-sentence motion *nunc pro tunc*. This conclusion was incorrect as our Supreme Court has indicated that it is within the authority of a trial court to overlook the untimely filing of a post-trial motion and address the motion on the merits. If the trial court chooses to do so, any issues raised in the untimely motion

---

**2.** In this case, Appellant was found to have violated the PFA at three different counts, such that he was sentenced to six months imprisonment at each count, with one count to run concurrent, for an aggregate sentence of one year imprisonment.

**3.** Although our Supreme Court granted allowance of appeal on October 31, 2008, the *en banc* decision is currently binding on this Court.

will be considered preserved for purposes of appeal. In *Commonwealth v. Metz*, 534 Pa. 341, 633 A.2d 125, 127 (1993), the Court summarized this exercise of judicial discretion:

> It is well-established that issues not raised in posttrial motions are not preserved for appellate review. . . .
>
> We recognize that exceptions to this rule have been made in certain limited circumstances—specifically, where the appellant raises the issue post-trial in a procedurally defective manner and the trial court chooses to overlook the defect and address the issue on its merits. *See, e.g., Commonwealth v. Sheaff*, 518 Pa. 655, 544 A.2d 1342 (1988) (*per curiam*) (Superior Court erred in considering issue waived where it was presented in supplemental post-trial motions filed without leave and trial court nevertheless addressed issue on merits), *reversing* 365 Pa.Super. 613, 530 A.2d 480 (1987); *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804, 806 (1989) (Superior Court erred in refusing to review merits of appeal where trial court chose to ignore untimely filing of post-trial motions and addressed merits of alleged errors); *Commonwealth v. Hewett*, 380 Pa.Super. 334, 551 A.2d 1080 (1988), *allocatur denied*, 522 Pa. 583, 559 A.2d 526 (1989); *Commonwealth v. Sopota*, 403 Pa.Super. 1, 587 A.2d 805, *allocatur denied*, 528 Pa. 629, 598 A.2d 283 (1991). . . .

*See also Commonwealth v. Dreves*, 839 A.2d 1122 (Pa.Super.2003) (*en banc*) (if party requests permission to file post-sentence motion *nunc pro tunc*, trial court may exercise its discretion and permit such filing).

¶ 2 In the present case, pursuant to this Court's decision in *Commonwealth v. Liston*, 941 A.2d 1279 (Pa.Super.2008) (*en banc*), the Majority removes that discretion from the trial court, grants Appellant permission to file his post-sentence motion *nunc pro tunc*, and remands for an evidentiary hearing regarding Appellant's claims of ineffective assistance of counsel. As the Majority notes, our Supreme Court has granted allowance of appeal in *Liston*, and its order in that regard signaled a potential disapproval of *Liston:*

> a. Did the Superior Court contradict *Commonwealth v. Grant* in purporting to create its own new exception to that case?
>
> b. Did the Superior Court contradict *Commonwealth v. Reaves* by holding that any PCRA petitioner entitled to a nunc pro tunc direct appeal is automatically entitled to nunc pro tunc post sentence motions as well, without proving prejudice?
>
> c. Did the Superior Court usurp this Court's exclusive authority to create procedural rules under Article V, § 10(c) of the state constitution?

*Commonwealth v. Liston*, 598 Pa. 638, 959 A.2d 1248, 1248 (2008).

¶ 3 Since the trial court was in error that it lacked the authority to permit the untimely filing of post-sentence motions *nunc pro tunc*, I believe the better course would be to vacate the order and remand to the trial court so that it may exercise its discretion in this matter. Such action is clearly authorized under pertinent Supreme Court precedent.

¶ 4 In view of our Supreme Court's grant of review in *Liston* as well as the language of its order, this course of action is more prudent than following the dictates of that decision. The Majority's decision herein may well be seen as another effort by this Court to carve out its own exception to *Commonwealth v. Grant*, 573 Pa. 141, 821 A.2d 1246 (2003), which is a practice that our Supreme Court has specifically condemned. *Commonwealth v. O'Berg*, 584 Pa. 11, 880 A.2d 597 (2005). Hence, I

concur in the Majority's conclusion that this matter should be remanded to the trial court. However, our remand should expressly permit the trial court to decide whether to grant Appellant permission to file post-sentence motions *nunc pro tunc*. From the portion of the Majority Opinion that does not defer to the trial courts' discretion in this regard, I respectfully dissent.