J. S64036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JHIRA MONTALVO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS M. VELEZ-DIAZ, | : | |
| | : | |
| Appellant | : | No. 725 MDA 2015 |

Appeal from the Judgment of Sentence March 25, 2015
In the Court of Common Pleas of Lancaster County
Civil Division No(s).: 15-0046 (ICC) CI-14-03545 (PFA)

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.        **FILED NOVEMBER 13, 2015**

Appellant, Luis M. Velez-Diaz, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas following his bench conviction of indirect criminal contempt ("ICC")[1] of a Protection from Abuse ("PFA") order filed on May 28, 2014. His attorney, David Romano, Esq. ("Counsel"), of the Defender's Association, has filed an ***Anders***[2] Petition for leave to withdraw. Counsel's brief presents three issues: the sufficiency of the evidence, the weight of the evidence and the discretionary aspect of his sentence. Counsel avers that the discretionary aspect of sentencing issue

---

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114(a).

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

was waived "as no post-sentence motion was filed with the trial court."

***Anders*** Brief at 9.    We deny Counsel's petition to withdraw and remand for further proceedings.

It is well established that

> [a] criminal contempt proceeding arising under the Protection from Abuse Act is criminal in nature . . . .  The sanction of criminal contempt, whether direct or indirect, is an actual criminal conviction.  Where a PFA is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order.  Thus, as with those accused [of] other crimes, one charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford.

***Commonwealth v. Moore***, 978 A.2d 988, 992 (Pa. Super. 2009) (citations omitted).

In ***Commonwealth v. Malovich***, 903 A.2d 1247 (Pa. Super. 2006), "the trial court failed to advise [the a]ppellant concerning his right to file post-sentence motions."  ***Id.*** at 1251.  This Court opined that "[o]nce sentenced, Appellant had the right to file such motions within ten days and/or to appeal within thirty days.  The sentencing court was required to advise [the a]ppellant of these rights."  ***Id.*** at 1251-52.  The ***Malovich*** Court declined to find that the appellant had waived his claim that his sentence was excessive based upon the trial court's failure to advise him of the right to file post-sentence motions.  ***Id.***

In the case at bar, the sentencing court did not advise Appellant of his right to file post-sentence motions.  Therefore, we decline to find the issue

waived.  ***See id.***  Accordingly, we direct Counsel to address the issue of the discretionary aspect of Appellant's sentence either in an ***Anders*** brief, or in an advocate's brief, within thirty days of the date of this order.  The Commonwealth may file a reply within thirty days of Appellant's filing.

Petition to withdraw denied.  Case remanded.  Panel Jurisdiction retained.