J-S28013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP LEE POUST | : | |
| | : | |
| Appellant | : | No. 1627 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000584-2022

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: SEPTEMBER 23, 2025**

Phillip Lee Poust appeals from the judgment of sentence of forty-one to eighty-five years in prison imposed upon his multiple sexual assault convictions. We affirm.

The factual background of this matter is as follows. In 2019, Appellant began to live in an apartment with his wife ("Mother") and his stepchildren, Mother's daughter, K.G., born in 2011, and her son. On one occasion when K.G. was between seven and eight years old, she, Appellant, and her brother were at home watching television. Appellant ordered her brother to leave the room and proceeded to show K.G. pornographic videos. He insisted that K.G. never tell Mother. A year later, when K.G. was between eight and nine years old, there was a time where she was alone with Appellant in their apartment. He placed his penis between the victim's buttocks, engaged in anal

penetration, ordered her to shower afterwards, and demanded that she not tell Mother. Appellant performed this same act several times thereafter. *See* N.T. Trial, 9/26/23, at 46, 51, 58. In multiple other instances, Appellant forced K.G. to place her hands on his penis and he pushed it into her mouth. Appellant also showed K.G. more pornography while he was driving her home from one of her psychiatrist appointments, and again while they were visiting the home of Appellant's first ex-wife, Wendy Wagner.

When K.G. was eleven years old and still living with Mother, Appellant, and her brother, Mother placed K.G. in timeout for misbehaving. Out of anger, K.G. exclaimed that Appellant had been sexually abusing her. Mother immediately told K.G. to pack up her belongings and called her biological father to pick her up. Mother did not speak to Appellant after K.G.'s accusation and began to probe for evidence. She found a cell phone she had never seen before in the door frame of her vehicle and turned it into police. During the ensuing investigation, Pennsylvania State Police Trooper John Arnold uncovered pornographic material on that cell phone and Appellant's laptop. Appellant had searched "stepdaughter anal," "parent fuck," and "anal pain" on pornography websites. *Id*. at 156.

Based on the aforementioned events, Appellant was arrested and charged with three counts each of rape of a child, involuntary deviate sexual intercourse with a child ("IDSI"), dissemination of explicit sexual materials to a minor, and one count each of corruption of minors and indecent assault of

a person less than thirteen years of age. The matter proceeded to a jury trial. K.G., Mother, Ms. Wagner, and Trooper Arnold attested to the aforementioned facts. Although K.G. was able to articulate several instances of sexual abuse, she could not recall exactly how many times the assaults occurred. The jury also watched a recording of K.G.'s forensic interview.

Appellant's counsel cross-examined the victim about one of her medical reports that stated that she had a history of lying, and asked whether Mother had ever called her a pathological liar, which K.G. confirmed. Defense counsel further questioned Mother and Ms. Wagner regarding a few incidents where K.G. had lied about homework or spats with her siblings. In his case-in-chief, Appellant presented Wendy Coffey, his cousin, who attested that the victim had a reputation for untruthfulness. Appellant did not testify.

At the conclusion of trial, the jury convicted Appellant of all charges. The court deferred sentencing and ordered a pre-sentence investigation ("PSI") report. Appellant was declared a Tier III sexual offender pursuant to the Sexual Offender Registration and Notification Act, but the Commonwealth did not pursue an investigation into whether he should be deemed a sexually violent predator based on him being fifty years old and the anticipated lengthy sentence.

At the ensuing sentencing hearing, Appellant presented Ms. Wagner, who attested to his good character, positive involvement in the community, and caretaking of their children. Appellant also exercised his right to

allocution, maintaining his innocence. Ultimately, the court imposed the aforementioned sentence, which was within the standard-guideline range for his offenses.

After the court entered Appellant's judgment of sentence, it orally granted a request by trial counsel to withdraw and appointed appellate counsel. The court further stated that Appellant had ninety days to file a post-sentence motion, and he could request additional time if necessary. The court subsequently granted counsel's motion to extend the deadline. Within that timeframe, Appellant filed a post-sentence motion alleging that the evidence was insufficient to sustain his convictions, the verdict was against the weight of the evidence, and the trial court abused its discretion in imposing a manifestly excessive sentence without considering mitigating factors. The court denied the motion, and Appellant appealed five days thereafter.[1]

_____

[1] This Court issued a rule to show cause why the appeal should not be quashed as untimely where it appeared that the trial court may have improperly purported to extend the period to file this appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa.Super. 2007) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence."). However, we perceive that the trial court acted within its authority in extending the period for Appellant to file a post-sentence motion, *see Commonwealth v. Moore*, 978 A.2d 988, 991 (Pa.Super. 2009) (stating that a trial court has "the authority to grant or deny Appellant an extension of time in which to file his post-sentence motion"), and our review of the certified record confirms that Appellant timely appealed from the denial thereof. *See*, *e.g.*, *Commonwealth v. Percell*, 328 A.3d 1115, 1119 (Pa.Super. 2024) ("In a criminal action, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."). Thus, the Rule is hereby discharged.

Appellant failed to timely file a court-ordered concise statement in accordance with Pa.R.A.P. 1925. Subsequently, he requested to file a Rule 1925(b) statement *nunc pro tunc* in this Court, which we granted. Appellant submitted a Rule 1925(b) statement, and in accordance with our order, the trial court authored a Rule 1925(a) opinion.

Appellant presents the following issues for our determination, which we have reordered for ease of disposition:

> [1.] Whether the evidence was sufficient to sustain the convictions.
>
> [2.] Whether the verdicts were against the weight of the evidence.
>
> [3.] Whether the trial court abused its discretion in sentencing Appellant to an aggregate sentence of [forty-one] to [eighty-five] years of incarceration.

Appellant's brief at 8 (pagination supplied).

Beginning with Appellant's sufficiency claim, we preliminarily note that "a sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to weight of [the] evidence." **Commonwealth v. Juray**, 275 A.3d 1037, 1043 (Pa.Super. 2022).

Appellant's entire sufficiency argument rests upon his contention that K.G.'s testimony "was hardly linear, clear, direct[,] or consistent" and that she "is known to have a propensity for lying[.]" Appellant's brief at 30-31. Thus,

- 5 -

Appellant's sufficiency claim, which is based upon the victim's purported lack of credibility, is more aptly characterized as a challenge regarding the weight of the evidence. *See Juray*, 275 A.3d at 1043. Accordingly, we address it below.

This Court reviews a claim challenging the weight of the evidence as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. James*, 297 A.3d 755, 768 (Pa.Super. 2023) (cleaned up).

In addition to the points identified above, Appellant argues that the verdicts were against the weight of the evidence because witnesses attested to the victim's reputation for untruthfulness. *See* Appellant's brief at 31-38. Appellant points to testimony from K.G., Mother, Ms. Wagner, and Ms. Coffey establishing that the victim had a propensity to lie. *Id*. Appellant generally claims that the victim's testimony was inconsistent and unparticularized because she could not confirm exactly how many times Appellant abused her.

*Id*. at 41. He summarily contends that "where the witness's testimony is so inconsistent and so unreliable that key points and key elements of the charged offenses are not established, or are against the weight of the evidence, it shocks one's sense of justice." *Id*. at 44.

The trial court began its analysis of this issue by summarizing the testimony from K.G., which established that Appellant began to show sexually-explicit content to her when she was between seven and eight years old. *See* Trial Court Opinion, 4/29/25, at 5. One year later, Appellant began to sexually assault the victim. *Id*. K.G. also stated that there were two other incidents where Appellant had shown her pornography. *Id*. at 6. The court further pointed out that Trooper Arnold attested that he uncovered sexually explicit content on Appellant's laptop and cell phone, and that Appellant utilized search terms such as "stepdaughter anal," "parent fuck," and "anal pain" on pornography websites. *Id*. The court stated that since the jury was the ultimate factfinder, it was free to believe the evidence that it deemed credible. *Id*. at 7. The jury was aware of some inconsistencies in K.G.'s testimony, and heard that she had a propensity to lie. *Id*. Nevertheless, the court concluded, the jury found her to be credible with respect to her allegations against Appellant. *Id*.

Our review of the certified record suggests no abuse of discretion in the trial court's conclusion that the guilty verdicts did not shock one's sense of justice. There was ample corroborated testimony from K.G. pertaining to

various incidents of inappropriate and sexually abusive behavior from Appellant. The jury also observed K.G.'s demeanor and found her to be trustworthy. Therefore, we have no cause to disturb the court's determination that the verdict was not against the weight of the evidence where the jury credited K.G.'s testimony. **See James**, 297 A.3d at 768.

Appellant's final issue implicates the discretionary aspects of his sentence, which is not an issue that is appealable as of right. Instead, to invoke this Court's jurisdiction, an appellant must satisfy the following four-pronged test by demonstrating that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." **Commonwealth v. Strouse**, 308 A.3d 879, 882 (Pa.Super. 2024).

Appellant has satisfied the first three prongs of the test by filing a timely appeal, preserving the precise issue raised in his post-sentence motion, and including a Rule 2119(f) concise statement of the reasons relied upon for appeal in his brief. Accordingly, we turn to whether Appellant raised a substantial question, which "exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Andrews*, 213 A.3d 1004, 1017 (Pa.Super. 2019) (cleaned up).

In his Rule 2119(f) statement, Appellant asserts that the trial court imposed an excessive sentence without considering mitigating factors. *See* Appellant's brief at 20. He has thus raised a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa.Super. 2015) ("[A]n excessive sentence claim[,] in conjunction with an assertion that the court failed to consider mitigating factors[,] raises a substantial question." (cleaned up)). We therefore proceed to the merits of Appellant's claim.

This Court has explained that "we will not disturb a sentence absent a manifest abuse of discretion, which will only be found where the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Ratliff*, 328 A.3d 1042, 1056 (Pa.Super. 2024). The record "must reflect the sentencing court's consideration of the facts of the case and the defendant's character[,]" including "the defendant's prior criminal record, his age, personal characteristics[,] and his potential for rehabilitation." *Commonwealth v. Watson*, 228 A.3d 928, 937 (Pa.Super. 2020).

When a sentence is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117

(Pa.Super. 2019). Additionally, where the court has a defendant's PSI report, "the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa.Super. 2020).

Appellant maintains that the court neglected to consider mitigating factors when it imposed his sentence, including his ex-wife's attestations to his good character. *See* Appellant's brief at 25. Due to his age, Appellant asserts that the court essentially imposed a life sentence. *Id*. at 26. He contends that the trial court should have issued concurrent, rather than consecutive, sentences for his convictions of rape and IDSI, and the length of his sentence is excessive. *Id*. at 26-27.

The trial court summarized its disposition as to Appellant's discretionary aspect of sentencing claim as follows:

> Here, the court reviewed a [PSI report] prior to sentencing. The report contained background information on Appellant, his criminal history, familial history, and employment. The court also heard the testimony of . . . Appellant's [ex-]wife . . . who testified to Appellant's positive involvement in the community and in his other children's lives, as his oldest was diagnosed with autism. Appellant's positive involvement was reiterated by his counsel during the sentencing hearing. Appellant also addressed the court.
>
> All of this information was considered, along with the nature of the offenses, and the need to protect the community in fashioning a sentence. Of particular significance, is the fact that the Appellant was a father figure in the victim's life, whom the victim trusted to not only be a positive influence in her life, but perform everyday parental duties such as taking care of her and taking her to her medical appointments. Additionally, the court considered the extremely young age of the victim, who was

between the ages of [seven] and [nine] years old when the acts occurred, the facts of the case, which demonstrated the Appellant forced oral and anal intercourse upon the victim multiple times, and the lifelong traumatic impact these events are likely to have upon the victim.

Trial Court Opinion, 4/29/25, at 3.

We discern no abuse of discretion. The record reflects that the court appropriately considered the mitigating factors and weighed them against the severity of Appellant's crimes. *See* N.T. Sentencing, 3/11/24, at 14-18. Moreover, the court's sentence was presumptively reasonable where it imposed a standard-range sentence and had the benefit of a PSI report. *See Hill*, 210 A.3d at 1117; *Mulkin*, 228 A.3d at 917. Accordingly, this claim fails.

Based on the foregoing, Appellant is not entitled to relief. Thus, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/23/2025